# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELAINE WALLS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Civil Action No.  06-1259 (RWR) |
| | ) |
| **NORMAN Y. MINETA,** | ) |
| **Secretary, United States Department** | ) |
| **of Transportation,** | ) |
| | ) |
| **Defendant** | ) |
| | ) |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant, the Secretary of the United States Department of Transportation ("DOT"), by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Plaintiff has failed to exhaust her administrative remedies.

### ANSWER

In response to the numbered paragraphs of the Complaint, Defendant responds as follows:

1.  The allegations in paragraph 1 of the Complaint contain Plaintiff's characterization of her cause of action and conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

2.   The allegations in paragraph 2 of the Complaint contain conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies that this Court has jurisdiction.

3.   Defendant admits the allegations in paragraph 3 of the Complaint.

4.   Defendant admits the allegations in paragraph 4 of the Complaint.

5.   Defendant denies that Norman A. Mineta is the Secretary of the Department of Transportation.  Defendant admits the remainder of paragraph 5 of the Complaint.

6.   The first sentence in paragraph 6 of the Complaint contains Plaintiff's characterization of her complaint to which no response is required.  Defendant admits the second sentence in paragraph 6 except that the name of Complainant's Division is the Regulatory Affairs Division.

7.   The allegations in paragraph 7 contain Plaintiff's characterization of her complaint and conclusions of law to which no response is required.   To the extent a response is required, the allegations are denied with the exception that Defendant admits that Judith A. Rutledge is the Federal Motor Carrier Safety Administration ("FMCSA") Deputy Chief Counsel and Plaintiff's second-line supervisor, and that during the relevant time period, Ms. Rutledge reported to Brigham A. McCown.

8.   The allegations in paragraph 8 contain Plaintiff's characterization of her complaint and conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied with the exception that Defendant admits that Brigham A. McCown was FMCSA's Chief Counsel during the time of the dispute and Plaintiff's third-line supervisor.  Defendant also admits that Mr. McCown is

currently the Deputy Administrator at the Pipeline and Hazardous Materials Safety Administration at DOT.

9.  The Defendant's responses to the allegations in paragraphs 1 though 8 of the Complaint are incorporated herein by reference.  Plaintiff's paragraph 9 does not require a response.

10. Defendant admits that plaintiff was hired as an Attorney-Adviser, GS-14 by the Federal Highway Administration under a temporary appointment in October 1996 and was converted to permanent status in January 1997.

11.  Defendant denies the allegations in paragraph 11 of the Complaint.

12.  Defendant denies the allegations in paragraph 12 of the Complaint.

13.  Defendant admits the allegations in paragraph 4 of the Complaint.

14.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint except that Defendant admits that Plaintiff worked on the projects as stated in paragraph 14.

15.  Defendant denies the allegations in paragraph 15 of the Complaint.

16.  Defendant admits that on some occasion in 2001, Plaintiff inquired as to a promotion to a GS-15 in FMCSA.  Defendant also admits that Ms. Rutledge advised Plaintiff that the Chief Counsel's Office was not at that time promoting anyone to the GS-15 level.  Defendant admits that Plaintiff told Ms Rutledge that she believed she was going to be promoted in her previous position.  Defendant denies the remainder of the paragraph.

17.  Defendant admits that Plaintiff's informal request to be promoted to a GS-15 in 2002 was not granted.

3

18.  Defendant admits that on or about 2002, FMCSA implemented a telecommuting option. Defendant denies the remainder of the allegations in paragraph 18 of the Complaint.

19.  Defendant denies the allegations in paragraph 19 of the Complaint.

20.  Defendant denies the allegations in paragraph 20 of the Complaint with the exception that Defendant admits that Ms. Rutledge approved Mr. Medalan's request to attend training at Harvard University which cost approximately $4,000.  Defendant also admits that the Chief Counsel's Office allowed all attorneys (male and female) to sign up to attend an out-of-state training program to take place on different dates in various locations.

21.  With respect to the first sentence of paragraph 21 of the Complaint, Defendant admits only that on or about December 2003, Plaintiff approached Ms. O'Malley about being nominated as a participant in the Executive Potential Program ("EPP").  With respect to the second sentence, Defendant admits that Ms. O'Malley thought it would be a good opportunity for the plaintiff, but denies that Ms. O'Malley concurred in Plaintiff's request.

22.  Defendant admits the allegations in paragraph 22 of the Complaint except that Defendant denies that Ms. O'Malley recommended Plaintiff for the EPP.  Defendant admits the second sentence of the paragraph.

23.  With respect to the first and second sentences in paragraph 23 of the Complaint, Defendant  admits that Plaintiff met with Mr. McCown and conveyed her interest in the EPP program and that they may have discussed the program, her career development and her desire to be promoted to a GS-15.  Defendant denies that such

promotion is long overdue. Defendant admits the remainder of the paragraph with the exception of the statement that Mr. McCown failed to follow-up with Ms. Walls. Ms. McCown directed his deputy, Ms. Rutledge, to follow-up with Ms. Walls on his behalf. Ms. Rutledge did so.

24. Defendant denies the first sentence of paragraph 24 of the Complaint. Defendant admits the second sentence of the paragraph. Defendant denies the third and fourth sentences of the paragraph.

25. Defendant admits the first sentence of paragraph 25 of the Complaint to the extent that Plaintiff requested another meeting with Mr. McCown in February 2004 to inquire about a promotion, but denies the remainder of the sentence. Defendant denies the second sentence of the paragraph.

26. Defendant admits the allegations in paragraph 26 of the Complaint except Defendant denies that Ms. Rutledge stated that while Plaintiff was almost performing at a GS-15level, she would have to develop a plan for Plaintiff to get there. Defendant also denies that Mr. McCown never provided any assistance whatsoever.

27. Defendant admits that after meeting with Mr. McCown, Plaintiff had a conversation with Ms. O'Malley about her promotion request. During this brief conversation, Ms. O'Malley may have encouraged Plaintiff to continue her efforts to improve her performance so as to qualify for a promotion. Defendant denies that Ms. O'Malley advised Plaintiff that it was her belief that she was well qualified for a promotion.

28. Defendant admits that Plaintiff met with Ms. Rutledge and Ms. O'Malley on or about February 10, 2004, and admits that the Chief Counsel's Office did not nominate

any employee for the EPP program in 2004. Defendant denies all other allegations in paragraph 28.

29. Defendant admits that the FMCSA Office of Chief Counsel nominated Mr. Solomey for the EPP program in 2003. Defendant denies that remainder of the allegations contained in the paragraph.

30. With respect to paragraph 30 of the complaint, Defendant admits that, on or about February 12, 2004, Plaintiff contacted an EEO Counselor regarding the denial of her request for a promotion, the denial of her request to participate in the EPP, and the alleged denial of other unidentified opportunities for professional development in the Chief Counsel's office. Defendant denies that Plaintiff raised any other issues with the EEO counselor other than a subsequent allegation concerning her 2003 performance appraisal.

31. Defendant admits that Plaintiff submitted a Request for Mediation on or about March 10, 2004. Defendant denies the second sentence of the paragraph.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, except Defendant admits that at least one of Plaintiff's male colleagues received an "outstanding" rating for his 2003 performance evaluation.

34. Defendant denies the first sentence of paragraph 34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36.  Defendant admits the allegations in paragraph 36 of the Complaint.

37.  Defendant admits that FMSCA hired Brian Yonnish, a Caucasian male, to serve as Assistant Chief Counsel for the Enforcement and Litigation Division.  Defendant admits that Mr. Yonnish was the third individual who had been offered the position.  Defendant also admits that Ms. Lawless, a Caucasian female, was offered the position and that her name did not appear on the certification list, but avers that because Ms. Lawless was in the excepted service, her name did not have to appear on the certification list.

38.  Defendant denies the allegations in paragraph 38 of the Complaint except that Defendant admits that Mr. Yonish stated in a staff meeting that he had a big learning curve regarding FMCSA regulations.

39.  With respect to the first sentence of paragraph 39 of the Complaint, Defendant admits only that since Plaintiff's transfer to FMCSA, she has sought to obtain a promotion to the GS-15 level.  Defendant denies all other allegations in paragraph 39.

40.  Defendant denies all allegations in paragraph 40 except Defendant admits that Plaintiff filed an administrative EEO complaint.

41.  Defendant denies the allegations in paragraph 41 of the Complaint..

42.  Defendant denies the allegations in paragraph 42 of the Complaint.

43.  Defendant denies the allegations in paragraph 43 of the Complaint.

## EXHAUSTION OF REMEDIES

44.  With respect to paragraph 44 of the Complaint, Defendant admits that Plaintiff exhausted her administrative requirements with respect to her allegations that Defendant refused to promote her to a GS-15, refused to nominate her for the EPP

program in 2004, and engaged in reprisal when she failed to receive an "outstanding" on her 2003 performance appraisal. Defendant denies that Plaintiff exhausted her administrative requirements with respect to any other allegation in her complaint because she failed to seek EEO counseling on any other allegations as required by EEOC regulations, 29 CFR 1614.105.

## STATEMENT OF CLAIMS

**Count I: Alleged Sex Discrimination in Violation of Title VII**

45. The allegations in paragraph 45 of the Complaint are Plaintiff's characterizations of her cause of action and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

46. The allegations in paragraph 46 of the Complaint are Plaintiff's characterizations of her cause of action and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**Count II: Alleged Race Discrimination in Violation of Title VII**

47. The allegations in paragraph 47 of the Complaint are Plaintiff's characterizations of her cause of action and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

48. The allegations in paragraph 48 of the Complaint are Plaintiff's characterizations of her cause of action and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**Count III: Alleged Retaliation Against Ms. Walls for Engaging in Activities Protected by Title VII**

49. The allegations in paragraph 49 of the Complaint are Plaintiff's characterizations of her cause of action and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

50. The allegations in paragraph 50 of the Complaint are Plaintiff's characterizations of her cause of action and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## <u>RELIEF SOUGHT</u>

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that its conduct was in violation of Title VII of the Civil Rights Act of 1964, as amended, and denies that Plaintiff is entitled to any relief, whatsoever from the Defendant. Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a.

Defendant hereby specifically denies all allegations of the Complaint not expressly admitted in this Answer.

WHEREFORE, Defendant requests that the court enter judgment:

a. Dismissing the Complaint against Defendant with prejudice; and

b. Awarding Defendant such other and further relief as the Court deems just, equitable and proper.

9

Respectfully submitted,


/s/
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
555 Fourth Street,  N.W. - Civil Division
Washington, D.C.  20530
(202) 514-6531
Counsel for Defendant

10

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September, 2006, I caused the foregoing

to be served first class mail, postage prepaid, to plaintiff's counsel:

Camilla C. McKinney
1100 Fifteenth Street, N.W., Suite 300
Washington, D.C.  20005


                                      /s/
                                      MARIAN L. BORUM
                                      Assistant United States Attorney

11