UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE WALLS  <br>  Plaintiff,  <br> v.  <br>  NORMAN Y. MINETA, SECRETARY U.S. DEPARTMENT OF TRANSPORTATION,  <br>  Defendant. | ) ) ) ) ) ) Civil Action No. 06-1259 (RWR) ) ) ) ) ) ) ) ) ) |

**JOINT LOCAL RULE 16.3 REPORT**

The parties, having conferred by telephone, hereby provide this Report to the Court, in accordance with Local Rule 16.3(d).

Plaintiff

Plaintiff Elaine Walls brings this action for injunctive relief and damages based on the denial of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 (hereafter "Title VII"). The Department of Transportation discriminated against Ms. Walls because of her sex (female) and race (African-American). After filing an EEO/EEOC charge, the Agency retaliated against Ms. Walls for engaging in activities protected by Title VII.

Defendant

Plaintiff, Elaine Walls, seeks to redress alleged discrimination based upon "sex (female), race (African American), and retaliation. See Complaint ¶ 1. Defendant denies any acts of discrimination based upon sex, race and/or retaliation. Defendant further

avers that any employment decisions were for legitimate, non-discriminatory reasons. Plaintiff has failed to exhaust administrative remedies with respect to any claims based upon bonuses, monetary awards, performance appraisals (with the exception of the rating period ending in September 2003), and all reprisal issues.

In addition, pursuant to Local Rule 16.3(d), the parties state the following:

1. <u>Dispositive Motions</u>:  Plaintiff does not believe that the case can be resolved by dispositive motion.  Defendant believes the case can be resolved by dispostive motion.

2. <u>Joinder of Parties/Amendment of Complaint/Narrowing of Issues</u>:  The Parties do not anticipate that any additional parties will be joined or that pleadings will be amended.  The parties do not believe that the issues in the case can be further narrowed prior to discovery or trial.

3. <u>Magistrate:</u>  The Parties do not consent to referral of the case to a Magistrate Judge for trial.  Plaintiff proposes that discovery matters and settlement discussions be referred to a Magistrate Judge at the Court's convenience.  Defendant proposes that settlement discussion be referred to the court mediation program.

4. <u>Possibility of Settlement</u>: The parties believe that the case can be amicably resolved and requests that the case be referred to ADR prior to engaging in discovery.

5. <u>ADR</u>:  The parties believe that ADR may be appropriate and requests that the case be referred to ADR prior to engaging in discovery.

6. <u>Motions</u>: Plaintiff does not believe that the case can be decided by dispositive motion. Defendant anticipates filing a motion for summary judgment. The parties propose that any motion for summary judgment shall be filed within forty-five (45) days after the close of discovery; that the responding party shall also have forty-five (45) days to file an Opposition; and that thirty (30) days shall be allowed for any Reply.

7. <u>Initial Disclosures</u>: The Parties stipulate to dispense with the requirements of Fed. R. Civ. P. 26(a)(1).

8. <u>Discovery</u>: The Plaintiff requests that 180 days be granted for discovery. The Plaintiff proposes that each party should be limited to ten (10) depositions and thirty (30) interrogatories. The Defendant requests that each party be limited to twenty-five (25) interrogatories. It is understood that one or both parties may seek leave from the Court to increase this limit at a future time.

9. <u>Experts</u>: The Plaintiff anticipates that she will be relying on expert witnesses. The Plaintiff proposes that any expert reports be served within one hundred (100) days after the beginning of discovery. Defendant may utilize an expert and proposes that his expert report be served within sixty (60) days after the receipt of Plaintiff's report.

10. <u>Class Action</u>: N/A

11. <u>Bifurcation</u>: At this time, the Parties do not believe that bifurcation of trial or discovery is appropriate.

12. <u>Pretrial Conference</u>:  The Parties propose that the Court not set a pretrial conference until after the ruling upon dispositive motions.  After the ruling on dispositive motions, the parties request that the Court set a status conference date to set the dates for the pretrial conference and trial.

13. <u>Trial Date</u>:  The Parties propose that the trial date be set at the final Pretrial conference, or at the Court's convenience.

14. <u>Other Matters</u>:  N/A.



Dated: November 14, 2006

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| CAMILLA C. MCKINNEY, ESQ. | JEFFREY A. TAYLOR |
| Law Offices of Camilla C. McKinney, PLLC | United States Attorney |
| 1100 Fifteenth Street, N.W., Suite 300 | D.C. Bar No. 498610 |
| Washington, D.C. 20005 | |
| Attorneys for Plaintiff | /s/ |
| | RUDOLPH CONTRERAS |
| | Assistant United States Attorney |
| | D.C. Bar No. 434122 |
| | |
| | /s/ |
| | MARIAN L. BORUM |
| | Assistant United States Attorney |
| | D.C. Bar No. 435409 |