**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELAINE WALLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  06-1259 (TFH) |
| | ) | ECF |
| MARY E. PETERS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>**DEFENDANT'S MOTION FOR STAY OF DISCOVERY AND RESPONSE TO**</u>
<u>**PLAINTIFF'S MOTION TO ENLARGE THE DISCOVERY PERIOD**</u>

Pursuant to Federal Rules of Civil Procedure 1 and 26(c), and the inherent powers of this Court, Mary E. Peters ("Defendant"), in her official capacity as Secretary of the Department of Transportation, respectfully moves this court for an order staying discovery in the above-captioned case until the Court rules on Defendant's Motion for Summary Judgment, filed herewith.  This document will also serve as a Response to Plaintiff's Motion to Enlarge the Discovery Period.  *See* USDC Pacer Doc. No. 13.  Defendant has in good faith conferred with Plaintiff in an effort to resolve the dispute without the Court's intervention.  Plaintiff opposes a stay on discovery, and has sought an extension of the discovery period.  In the alternative, should the Court deny this motion to stay discovery, Defendant would agree to an extension on discovery to run for 90 days from the Court's decision on Defendant's Motion for Summary Judgment.

Defendant has moved for summary judgment on all counts of Plaintiff Elaine Walls' Complaint, on the grounds that as a matter of law, Plaintiff cannot make out a case of sex discrimination, race discrimination, or retaliation against Defendant.  Considerations of

1

efficiency and burden upon the Agency fully support the conclusion that discovery should be stayed until resolution of Defendant's Motion by the Court.

Plaintiff has already fully litigated at the administrative level the claims set forth in her Complaint in this action. Defendant has provided to Plaintiff thousands of pages of documents, answers to numerous interrogatories, and ten sworn statements of alleged witnesses. Additionally, Plaintiff has taken lengthy depositions of the three management officials involved in the allegedly discriminatory actions (her first (339 pages), second (336 pages), and third-level (173 pages) supervisors).

Because the case is ripe for summary judgment, allowing Plaintiff to continue discovery while the Court reviews the Agency's dispositive motion would be inefficient and burdensome on Defendant. In the event that the Court determines that some or all of Plaintiff's causes of action cannot be sustained as a matter of law, the scope of the lawsuit, and any resulting discovery, will be significantly narrowed. Federal Rule of Civil Procedure 1 states that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Likewise, F.R.C.P. 26(c) states that the Court "for good cause shown ... may make any order [regarding discovery] which justice requires to protect a party or person from ... undue burden or expense." A stay of discovery prior to the taking of depositions in this proceeding will serve the purposes of the Federal Rules of Civil Procedure and save Defendant from unnecessary expenditure of public monies should the Court grant its motion for summary judgment.

Defendant's strong arguments on summary judgment easily justify such a stay. As set forth in detail in Defendant's Memorandum of Points and Authorities In Support of Motion for Summary Judgment, Plaintiff's claims must be dismissed for (1) failure to

exhaust administrative remedies because Plaintiff did not raise these allegations with an EEO

Counselor as unambiguously required by the applicable regulations, and because these

claims are not "like or related" to the claims she did raise with the Counselor; (2) failure to

state materially adverse actions; and, (3) lack of evidence of pretext in the face of

Defendant's articulated legitimate, nondiscriminatory reasons for its actions, other than

Plaintiff's own uncorroborated opinion regarding her qualifications.

    For these reasons, Defendant respectfully requests that the Court stay discovery in

this matter until it rules upon Defendant's Motion for Summary Judgment.

Dated:  October 16, 2007                    Respectfully submitted,


                                            ___/s/_____
                                            JEFFREY A. TAYLOR, D.C. Bar # 498610
                                            United States Attorney


                                            __/s/_____
                                            RUDOLPH CONTRERAS, D.C. Bar # 434122
                                            Assistant United States Attorney


                                            __/s/_____
                                            KENNETH ADEBONOJO
                                            Assistant United States Attorney
                                            555 4th Street, N.W.
                                            Washington, D.C.  20530
                                            Phone: 202-307-0406
                                            Kenneth.Adebonojo@usdoj.gov

*Of Counsel:*
RAYMOND C. FAY, D.C. Bar #188649
LAURA C. FENTONMILLER, D.C. Bar #450813
Constantine Cannon LLP
1627 Eye Street, N.W., 10th Floor
Washington, D.C. 20006
Phone: 202-204-3500
Fax: 202-204-3501
rfay@constantinecannon.com
lfentonmiller@constantinecannon.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion to Stay Discovery was filed with the Clerk of the Court and delivered to all parties of record via the Court's Electronic Case Filing System on this 16th day of October, 2007.

/s/
_____
Kenneth Adebonojo
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.  20530
Phone: 202-307-0406
Kenneth.Adebonojo@usdoj.gov