# EXHIBIT 5

Case 1:06-cv-01259-TFH-DAR    Document 17-6    Filed 10/17/2007    Page 1 of 4

**Equal Employment Opportunity (EEO) Formal Complaint**

Submitted by:       Elaine Walls, Attorney
                    Chief Counsel's Office
                    Federal Motor Carrier Safety Administration (FMCSA)

April 2, 2004

I am currently employed in the FMCSA's Chief Counsel's Office as a GS-14 attorney. Certain Senior Management officials – FMCSA's Chief Counsel, Brigham McCown and Deputy Chief Counsel, Judith A. Rutledge -- discriminated against me under the Equal Pay Act, Title VII and the Age Discrimination Act based on my sex (female), race (African-American), and age (48) when I was denied a promotion to a GS-15 and denied participation into the Executive Potential Program (EPP). Management's actions are part of a continuing violation and hostile environment. They continue to discriminate against me by hindering: my professional development, denying me training requests, and providing other similarly situated white male attorneys greater job benefits and opportunities, job performance ratings, awards, bonuses and telecommuting privileges.

In December 1996, I was hired by the Federal Highway Administration (FHWA) as a GS-14 Attorney-Advisor in the Legislation and Regulations Division. In the early part of year 2000, my immediate supervisor at that time, Thomas Holian, Assistant Chief Counsel for this Office, recommended me for a promotion to the GS-15 attorney level. Shortly thereafter, Ms. Rutledge approached me and asked if I would join her at the newly created FMCSA. Before I accepted her offer to transfer to FMCSA, I informed her that I was up for a promotion at the GS-15 attorney level at FHWA.

In 2000, the FMCSA was created. Its Chief Counsel's Office existed of seven attorneys. Judy Rutledge was the Acting Chief Counsel, Suzanne O'Malley was the Assistant Chief Counsel of the Enforcement and Regulatory Affairs Division and Patricia Burke was the Acting Chief Counsel of the General Law Division. The other four attorneys: Michael (Mike) Falk, Charles Medalen, Joseph Solomey and I were all in Suzanne's Division. As a new agency, there were many assigned tasks for this small office, but as senior attorneys we took them on with vigor and enthusiasm. We all believed that this was a new beginning for each of us. Only two of the attorneys that started off in this new office were still employed at the GS-14 level – Joe Solomey and I. I have been eligible to be promoted to the GS-15 level since 2000.

Three years elapsed. In December 2003, I talked to my immediate supervisor, Suzanne O'Malley, Assistant Chief Counsel of the Regulatory Division, about being nominated as a participant in the EPP. Suzanne thought that this was a great opportunity for me and indicated she would talk to Ms. Rutledge about this matter soon.

A few days later, Ms Rutledge called me to her office and indicated that MC-CC had already decided they would not recommend me for the EPP in 2004. They had nominated another MC-CC employee (Joe Solomey) [1] last year. Nonetheless, Ms. Rutledge told me that if I wanted to participate into the EPP program I should talk to Mr. McCown and express my interest. I did so before the Christmas holidays. Brigham and I discussed the EPP program and other opportunities for my professional development, including the opportunity to obtain my promotion to the GS-15 attorney level. Mr. McCown indicated that he would check into these matters and get back to me in 30 days.

The thirty-day period passed and I had not heard from Mr. McCown on my requests to participate in the EPP, obtain my promotion to the GS-15 level, or explore other opportunities for my professional development. In fact, it was almost a month and a half later with no word from management on these requests. I asked Mr. McCown for a follow-up meeting in February 2004.

On February 6, 2004, I met with Ms. Rutledge and Mr. McCown about my opportunity to participate into the EPP, other options for my professional development in the Chief Counsel's Office and my request for a promotion to a GS-15. They told me at that time that my promotion request was denied. Ms. Rutledge stated that while I was almost at the GS-15 attorney promotion level and performing at a high level in this office, she would need to develop a plan for me to get there. Mr. McCown also told me that my immediate supervisor, Suzanne O'Malley, said that she did not believe that I was qualified for a promotion to the GS-15 attorney level. I disagreed with Brigham and Judy on all of these points, especially about being unqualified for a promotion at the GS-15 attorney level.

Mrs. O'Malley has always supported me in my endeavors and continues to tell me that I am doing an excellent job in her Division. In fact, when I told her about my meeting with Mr. McCown and Ms. Rutledge, Suzanne said that she hoped it would generate discussions concerning my

---

[1] At the time time, Mr. Solomey was a similarly situated white male GS-14 attorney in this office.

2

promotion to the GS-15 level. Mrs. O'Malley wanted to clarify that she at no time said that I did not deserve my promotion to the GS-15 attorney level.

Because we all seemed to have conflicting views at this second meeting concerning what professional opportunities were available to me and if I was qualified for a promotion to the GS-15 attorney level, Mr. McCown asked if I could meet with both Judy and Suzanne to discuss these issues further. Mr. McCown also stated that he would follow-up on these discussions. To date, Mr. McCown has not followed-up with me personally on any of these matters.

The meeting with Judy and Suzanne occurred on February 10, 2004. In the February 10th meeting, Ms. O'Malley continued to support me in my efforts to obtain a promotion to the GS-15 attorney level. Ms. Rutledge, however, denied the request because she believed that I have not yet reached her expectations to be promoted to the GS-15 attorney level. Ms. Rutledge also denied my request to recommend me as a candidate for the EPP program until both she and Suzanne had a chance to develop a plan for me to accomplish this. Yet, at no time did Mr. Solomey need a plan to become eligible and nominated for the EPP.

Ms. Rutledge mentioned for the first time a few of her reasons for denying my request for professional development and for my promotion to the GS-15 attorney level, but none of these issues were brought to my attention prior to our meeting on February 10, 2004. Nor do they substantiate her denial of my request to be promoted to the GS-15 attorney level or to be nominated for the EPP. What even was more humiliating was the fact that for the first time Ms. Rutledge stated that, **"While Suzanne might sugar coat things, I'm going to call a spade a spade and believe that you are no more than a high-level graded GS-14 attorney."** I told Ms. Rutledge that if she felt that way then there would never be anything that I could do to warrant my promotion to the GS-15 level. Ms. Rutledge said that this was a cop out. The meeting ended.

3