# PLAINTIFF'S EXHIBIT 4

Amended Complaint

Act of Retaliation - Since June 2004, the FMCSA's Office of the Chief Counsel has interviewed candidates for their announced job opening for an Assistant Chief Counsel of their Enforcement Division (MC-CCE) at the GS-15 level. I actively applied for this position by submitting my resume on time to Human Resources and interviewed with Mr. Brigham McCown (Chief Counsel) and Ms. Judy Rutledge (Deputy Chief Counsel). While Ms. Rutledge told me that I ranked high on the list of qualified applicants, she made offers for this position to three or four other less qualified attorney applicants outside of the office. In our September 2004 report to the General Counsel, Mr. McCown, announced that he has hired Brian Yonish as the new Assistant Chief Counsel for the Enforcement and Litigation Division. Neither Mr. McCown nor Ms. Rutledge informed me of this decision to hire Mr. Yonish. I found out about their hiring decision when I read the General Counsel's report. It is apparent that Mr. Yonish lacks the necessary enforcement experience and knowledge to do well in this job, yet Ms. Rutledge and Mr. McCown have hired him in total disregard of my many years of experience and knowledge in handling issues of this nature. The hiring of Mr. Yonish is yet another act to show how management continues to discriminate against me by hindering my professional development in any way they possibly can.

As relief, in addition to the other items mentioned in my complaint, I also request:

That I be transferred to my former agency, the Federal Highway Administration.

**Amended Complaint**

Act of Retaliation #2-

During June 2004, the FMCSA's Office of the Chief Counsel announced a job opening for an Assistant Chief Counsel of their Enforcement Division at the GS-15 level. I actively applied for this position by submitting my resume on time to Human Resources. On July 14, 2004, Ms. Judy Rutledge came to my office to let me know that she and Brigham McCown had selected Ms. Sue Lawless, an FMCSA attorney in our Baltimore, Maryland Field Office, for this position. I allege that this is another effort to retaliate against me for filing an EEO complaint. It is my understanding that Ms. Lawless wasn't even interested in the position since she was not on the certification list of qualified applicants that applied timely for the job. Yet, Ms. Rutledge called Sue to see if she would take the job once my name appeared on the certification list of qualified applicants. This is further evidence of how management continues to discriminate against me by hindering my professional development in any way they possibly can.

**Amended Complaint**

Act of Retaliation #3–

I was retaliated against on September 14, 2004, when I learned I was not selected for the Assistant Chief Counsel of Enforcement position. In June and July 2004, the FMCSA's Office of the Chief Counsel interviewed candidates for the position of Assistant Chief Counsel of the Enforcement Division (MC-CCE) at the GS-15 level. I submitted my resume on time to Human Resources and interviewed with Mr. Brigham McCown (Chief Counsel) and Ms. Judy Rutledge (Deputy Chief Counsel). Although my qualifications were superior to all the other candidates, Mr. McCown and Ms. Rutledge made offers to three or four less qualified attorney applicants outside of the office before they found an applicant who was willing to accept the job. In FMCSA's September 2004 report to the General Counsel, Mr. McCown, announced that he hired Brian Yonish as the new Assistant Chief Counsel for the Enforcement and Litigation Division. A review of his resume will show that Mr. Yonish lacks the necessary enforcement experience and knowledge of motor carrier issues. Despite his inexperience, Ms. Rutledge and Mr. McCown hired Mr. Yonish over me. They disregarded my many years of experience and knowledge in handling issues of this nature. Mr. McCown and Ms. Rutledge refused to hire me because I filed an EEO Complaint against them. The hiring of Mr. Yonish demonstrates how management officials continue to discriminate against women and retaliate against those who engage in protected EEO activity. Management continues to hinder my professional development in any way they possibly can.

Act of Retaliation #4 - Ms. Rutledge and Mr. McCown discriminated and retaliated against me and two other female employees who engaged in prior EEO activity (Rosemary Dettling and Jackie Cho) when, on September 14, 2004, they abruptly canceled our pre-approved trip to Destin, Florida for training. Mr. McCown and Ms. Rutledge refused to permit us to attend the training even though they permitted two male colleagues (Mike Falk and Charles Medalen) to attend the identical training session in New Orleans a month earlier.

As relief, in addition to the other items mentioned in my complaint, I also request:

That I be transferred to my former agency, the Federal Highway Administration.