# PLAINTIFF'S EXHIBIT 16




# MONTHLY

# CHIEF COUNSEL

# REPORTS

# SEPTEMBER 2004

# FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION

## I. Regulatory Actions

### A. General

Congress and the Office of Management and Budget have approved the agency's $1.3 M reprogramming request. Using these funds Counsel's office has retained the services of The Regulatory Group (TRG) to assist in regulatory drafting and legal sufficiency review of regulations to reduce the regulatory backlog. FMCSA has identified specific rulemaking agenda items for TRG involvement and the contractor resources are actively assisting in this effort. Similarly, the Policy and Research program offices have retained contract support to assist with regulatory development.

### B. Rules Published since last report

***Waivers, Exemptions and Pilot Programs–*** On August 20, 2004, the agency published a final rule (69 FR 51589) establishing procedures applicants must follow to request waivers and apply for exemptions from the Federal Motor Carrier Safety Regulations and Commercial Driver's License requirements, and procedures to propose and manage pilot programs.

### C. Rules Pending at OMB/OST

Within the next 60 to 90 days, we will forward the following significant regulatory items to OST for review.

OST:

*(1) Field of Vision NPRM (RIN AA05)*: Anticipated OST review period – 9/20/04 – 10/20/04.

*(2) Brokers of Household Goods ANPRM (RIN AA84):* Anticipated OST review period – 9/10/04 – 10/10/04.

*(3) CVSA Decal (RIN AA72):* Anticipated OST review period – 10/10/04-11/11/04.

*(4) Uniform Registration System NPRM (RIN AA22)*: Anticipated OST review period – 10/5/04 – 10/27/04.

*(5) New Entrant NPRM (RIN AA59):* Anticipated OST review period –11/22/04-12/22/04.

OMB:

*(1) Hours of Service Supporting Documents SNPRM (RIN AA76)*: Anticipated OMB review period – 7/1/04 –10/1/04.

*(2) FMVSS Final Rule (RIN AA69)*: Anticipated OMB review period –9/9/04 -12/9/04.

## II. Enforcement and Litigation

### A. Enforcement

The agency is making progress in implementing recommendations developed during an earlier enforcement conference. A new policy statement regarding the assessment of maximum penalties under Section 222 of the Motor Carrier Safety Improvement Act of 1999 has been circulated for review and guidance to the field has been drafted to facilitate settlement of civil penalty cases.

### B. Hobbs Act Litigation

**1. *In re: Citizens for Reliable and Safe Highways, et al.*, No. 02-1363 (D.C. Cir. filed November 26, 2002).**

**Status:** The agency has completed all rulemakings required under the settlement agreement. A Joint Motion to Withdraw Petition for a Writ of Mandamus and to Set Briefing Schedule for Petitioners' Application for Award of Attorney's Fees and Expenses is pending.

**Issue:** Whether our delay in rulemaking was justified

**Facts:** Petitioners sought a Writ of Mandamus against us for delays in promulgating six regulations inherited from predecessor agencies. Those are:

| Rule | Status |
| --- | --- |
| 1. Hours of Service | Complete: FR published 4/28/03 |
| 2. Minimum Training re LCVs. | Complete: FR published 3/30/04 |
| 3. Safety Performance History of New Drivers | Complete: FR published 3/30/04 |
| 4. Training Standards re Entry Level Drivers | Complete: FR published 5/21/04 |
| 5. Permits re Transportation of HAZMAT | Complete: FR published 6/30/04 |

**2. *Public Citizen, Citizens for Reliable and Safe Highways (CRASH), and Parents Against Tired Truckers (PATT) v. Federal Motor Carrier Safety Administration (FMCSA)*, No. 03-1165 (D.C. Cir., filed June 12, 2003).**

**Status:** the court On August 30, 2004, FMCSA filed a motion to stay the issuance of the mandate for a minimum of 6 months. CVSA, NIT League, ATA and TCA have filed briefs in support of the stay. Responses are due by September 10th, and our reply brief will be due on September 16th.

**Issue:** Whether our final rule on hours of service is arbitrary, capricious, and an abuse of discretion.

**Facts:** The Petitioners filed a Petition for Review of the final hours of service rule on June 12, 2003. Following oral argument the court vacated the new hours-of-service rule on July 16 holding that the final rule was arbitrary and capricious under the Administrative Procedure Act

because the agency failed to consider the effect of the rule "on the physical condition of the operators," as required by 49 U.S.C. 31136(a)(4). In dicta, the court also cast doubt on several other provisions of the rule, including the 11 hours of driving time, the 34-hour restart, split sleeper berth time, and the agency's failure to "deal[ ] with" electronic on-board recorders.

3. *Edison Electric Institute, et al. v. FMCSA*, No. 03-1353 (D.C. Cir., filed October 20, 2003).

**Status:** On March 3, 2003, the court ordered the case to be held in abeyance pending further order. No further action has occurred to date.

**Issue:** Whether drivers of privately owned utility service vehicles (USVs) should exempt from the hours of service requirements.

**Facts:** On May 28, 2003, Edison Electric Institute and certain utilities petitioned us for reconsideration of the Hours of Service rule. We denied the petition. The utility companies sought a stay of the final rule with respect to drivers of USVs. Pending legislation to reauthorize the surface transportation program includes language to bar the Federal government and the States from enforcing HOS regulations on USV drivers. If enacted, the proceeding will be moot.

4. *Advocates for Highway and Auto Safety v. Federal Motor Carrier Safety Administration*, No. 04-1233 (D.C. Cir.).

**Status:** Petitioner filed a Statement on Issues on August 13, 2004. FMCSA sent a certified record list to DOJ on August 25th.

**Issue:** Whether the final rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

**Facts:** On May 21, 2004, FMCSA published a Final Rule establishing standards for mandatory training of entry-level CDL-holders in the following subjects: (1) driver qualification requirements; (2) hours of service; (3) driver wellness; and (4) whistleblower protection. This rule addressed inadequacies in driver training identified by a study conducted in accordance with section 4007(a)(1) of the Motor Carrier Act of 1991 (Title IV of ISTEA). Petition for Review of the Minimum Training Requirements for Entry-Level Commercial Motor Vehicle Operators rule on July 13, 2004.

5. *Owner-Operator Independent Drivers Assn., Inc. v. Federal Motor Carrier Safety Administration*, No. 04-1236 (D.C. Cir.); *United Motorcoach Association, Inc., v. Federal Motor Carrier Safety Administration*, No. 04-1240 (D.C. Cir.).

**Status:** Petitioners filed Petitions for Review of the Minimum Training Requirements for Entry-Level Commercial Motor Vehicle Operators rule on July 16 (OOIDA) and July 19, 2004 (UMA).

**Issue:** Whether the final rule: (a) violated FMCSA's statutory mandate; (b) is arbitrary and capricious because it is unsupported by the record; and (c) is arbitrary and capricious because it is ambiguous and vague.

**Facts:** On May 21, 2004, FMCSA published a Final Rule establishing standards for mandatory training of entry-level CDL-holders in the following subjects: (1) driver qualification requirements; (2) hours of service; (3) driver wellness; and (4) whistleblower protection. This rule addressed inadequacies in driver training identified by a study conducted in accordance with section 4007(a)(1) of the Motor Carrier Act of 1991 (Title IV of ISTEA). The Court ordered that the cases be consolidated. Petitioners filed a Statement of Issues on August 16, 2004. FMCSA sent a certified record list to DOJ on August 25th.

### 7. *U.S.A. v. Murtana*, No. 04-3246 (3rd Cir.)

**Status:** On August 27, the case was submitted to a panel of the Court for determination of whether the case should be dismissed for lack of jurisdiction.

**Issue:** Whether Notice of Appeal was properly filed.

**Facts:** The Notice of Appeal was improperly filed with the New Jersey District Court, which mistakenly docketed it as an appeal of a March 2003 District Court Order enforcing an administrative subpoena. The Notice of Appeal was automatically forwarded to the Assistant U.S. Attorney who handled the subpoena enforcement case. On July 23, 2004, Petitioner filed, in the District Court of New Jersey, a Notice of Appeal of a June 25, 2004 Final Order affirming an ALJ decision requiring Petitioner to pay a $4,990 civil penalty. The case was docketed in the 3rd Circuit Court of Appeals on August 11th. On August 17, the Legal Division of the Clerk's Office sent a letter to appellant advising him the appeal was listed for possible dismissal due to a jurisdictional defect.

### C.     Other Litigation

#### 1. *City of Laredo v. General Services Administration et al.*, No. 02-CV-121. (S.D. TX, Laredo Division, filed September 30, 2002)

**Status:** Court retained jurisdiction of the state law claims, denying a motion for remand. At the request of the Judge, a hearing was held on the applicability of state law to the location of inspection stations on August 23, 2004.

**Issue:** Whether Federal and State agencies responsible for motor carrier inspections entering the United States from Mexico violated the National Environmental Policy Act of 1969 by utilizing existing border inspection facilities.

**Facts:** The City of Laredo filed suit against DOT, FHWA, FMCSA, and the responsible Administrators. Laredo also asserts claims against the Texas Public Service Commission, its members, the Texas Transportation Commissioner, the Texas Department of Transportation, and its executive director. The claims focus on the development of state and federal inspection sites on property owned by Laredo, but leased to the GSA for "federal purposes" and state right of ways. The parties filed cross motions for summary judgment on October 31, 2003. The parties filed responses on December 22, 2003. The GSA's motion to dismiss has been granted.

#### 2. *Guillermo Berriochoa Lopez et al. v. Clinton, et al.*, D.C. Cir. Case No. 04-5155

**Status:** The District Court granted the Government's Motion to Dismiss on March 22, 2004. Lopez filed a Notice of Appeal on April 23, 2004. The Court of Appeals set a June 17, 2004

-13-

deadline for the filing of dispositive motions. The Government moved for summary affirmance of the District Court's determination on June 17, 2004. Lopez's response was filed on July 2, 2004. The Government's reply was filed on August 20, 2004.

**Issue:** Whether Lopez has standing to seek a personal right of recovery against the United States' for injuries claimed as a result of the United States NAFTA policies.

**Facts:** Plaintiffs claim to be among a class of individuals entitled to benefits under NAFTA. NAFTA does not provide for any private right of recovery from the United States. The United States Attorney filed, and the Court granted, a motion to dismiss in District Court.

### III.   Legislation

The House and Senate conferees on the Surface Transportation Reauthorization bill have been meeting since June 9, 2004, to reconcile the two bills. While there has been agreement on some issues, major issues, including funding levels, remain unresolved.

Just prior to the August Congressional Recess, the House and Senate passed a 30-day extension of TEA-21, which expires on September 30, concurrent with the end of FY 2004. Some programs funded under FHWA's Highway Safety Programs account will expire on Sept 24, 2004. Those programs are New Entrant Operations, New Entrant Grants, Southern Border Grants, Northern Border Grants, and CDL Grants.

To date, no agreement has been made as to the status of reauthorization or the length of any subsequent extension. Deliberations are expected to continue now that Congress has returned from the Labor Day recess.

### IV.   Adjudications

As of September 10, 2004, there were 189 pending civil penalty enforcement cases. Of these, 20 were assigned to the Office of Hearings, leaving 169 cases pending before the Assistant Administrator. In 2004, we have received 120 new cases while closing 220.

### V.   General Issues

Since our last report, several new staff attorneys have been named.

Bonnie Graves of the Honors Attorney program choose FMCSA to being her rotational assignments on August 30th. Bonnie graduated from the Franklin Pierce Law Center in Concord, New Hampshire. Prior to Before attending law school, Bonnie received her BA in Psychology from California State University in Sacramento in 1990 and her MA in Education in 1993. Bonnie will be starting her rotation with our Regulatory Affairs Division (MC-CCR).

On September 7, 2004, Cheryl Walker began her career with DOT in our newly created Enforcement and Litigation Division (MC-CCE). Cheryl has worked for the past 12 years in private practice, specializing in energy-related regulatory compliance issues having graduated from The George Washington University Law School in 1992. Two additional staff attorney

-14-

-15-

vacancies remain in the Division and recruiting efforts for these positions will be completed within the next two weeks.

Alan Strasser will join the agency on September 20th as a staff attorney in the Regulatory Affairs Division (MC-CCR). Alan graduated from Vermont Law School in 1993 with a joint degree in law and environmental policy. He has worked extensively in mediation and policy analysis and, as an independent consultant has assisted DOT, EPA, and other Federal agencies in regulatory negotiations.

On October 4th, Brian Yonish will report as the new Assistant Chief Counsel for Enforcement and Litigation (MC-CCE). Brian currently serves as an Associate Deputy General Counsel in the Inspector General's Office at the Department of Defense. Brian also holds a commission of Captain in the U.S. Naval Reserves and graduated from Creighton University Law School in 1983.

Within the next month, we hope to reach consensus on the three remaining positions (2 staff attorney and 1 Assistant Chief Counsel).

Brigham McCown
Chief Counsel