# PLAINTIFF'S EXHIBIT 28

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELAINE WALLS,<br><br>          Plaintiff,<br><br>   v.<br><br>MARY E. PETERS,<br>SECRETARY<br>U.S. DEPARTMENT OF TRANSPORTATION<br><br>          Defendant. | Civil Action No. 06-1259 (TFH) |

**RULE 56(f) AFFIDAVIT IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY OR, IN THE ALTERNATIVE, TO DISMISS OR FOR SUMMARY JUDGMENT**

1. I am submitting this Affidavit pursuant to Fed. R. Civ. P. 56(f) in support of Plaintiff's contention that Defendant's for Summary Judgment (Def. Mot. Sum. Jud.) should be denied and that Plaintiff should be allowed to have the opportunity to continue to engage in discovery.

2. In this case, the Defendant filed a Motion for Summary Judgment while the case was still in the discovery phase. Plaintiff did not anticipate that such a Motion would be filed at that stage in the proceedings. Plaintiff, therefore, has not had the benefit of completing the discovery process, including the possibility filing a motion to compel. As such, Plaintiff was unable to secure expert witness testimony in addition to other discovery. Moreover, most of the evidence that Plaintiff has to support her claims was produced during the EEO process and that evidence is limited to what is reflected in the Report of Investigation. The filing

of a civil complaint in U.S. District Court is *de novo*. See Chandler v. Roudebush, 425 U.S. 840, 845-846 (1976)(acknowledging that since the civil action provided in § 706 is a trial *de novo*, federal-sector employees are entitled to a trial *de novo* of their employment discrimination claims). Thus, any facts relevant to Plaintiff's complaint arising from the administrative case should be considered anew and Plaintiff should have the opportunity to pursue, as well as introduce, new evidence and legal theories to support her claims.

3. In this case, because the Defendant filed its Motion while discovery was still ongoing, the Plaintiff did not have the opportunity to gather all the discovery necessary to thoroughly respond to Defendant's Motion for Summary Judgment.

4. For example, Plaintiff needs to secure the services of an expert witness who can analyze FMSCA promotion policies and hiring procedures. This information would show that the Defendant deviated from the OPM policy when it denied Ms. Walls non-competitive, career ladder promotion request to the GS-15 level.

5. Plaintiff also needs discovery to obtain documents relating to her case. In particular, Plaintiff believes that numerous Caucasian male attorneys were promoted non-competitively to the GS-15 level in the Federal Highway Administration (FHWA), the predecessor organization to FMCSA. Discovery on this issue would further demonstrate that FMSCA applied standards that were not only inconsistent with OPM regulations, but also differed from that of other, similar agencies with DOT. Accordingly, allowing Plaintiff additional discovery on this issue will help to support her claims that FHWA had different standards

than FMSCA for promotion to the GS-15 level and that Plaintiff was held to a higher standard than the male attorneys who were promoted in FHWA.

6. Plaintiff also needs discovery to obtain documents referring to the personnel files of the male and female attorneys in FMSCA, Office of Chief Counsel. This information was requested during discovery, but not produced by Defendant. Such information would show that management did not afford the female attorneys the same opportunities for career advancement as it did the male attorneys. The personnel files would include information on performance evaluations and ratings, training afforded to the male employees, any bonuses/and or awards given to the male attorneys, as well as information concerning inconsistent application of leave policies. This information is critical to dispute Defendant's assertion that management equally applied the same standards to all the attorneys in the office and gave all the attorneys the same opportunities to advance. It would further support that males are afforded preferential treatment in FMSCA, and that such privileged treatment raises an inference of discriminatory bias against Ms. Walls as well as the other female attorneys.

7. Discovery is also necessary to allow Ms. Walls to depose witnesses who may have crucial information supportive of her case and the claims against Defendant. Three witnesses in particular, namely Jackie Cho, Rosemary Dettling and Delores Hodge, whose EEO Affidavits are attached as PEXs 22, 23 and 24, all have information pertaining to management's blatant and pervasive discriminatory actions. Moreover, the witnesses can also support the fact that the Plaintiff had impeccable performance and that she should have been promoted to a GS-15

level. The witnesses can also support the fact that Ms. Walls's background and experience made her the ideal candidate for the Assistant Chief Counsel for Enforcement and Litigation position.

8. In sum, Ms. Walls, case should not be dismissed without allowing her to seek discovery and information as to FMSCA management's motivations and intent for its discriminatory and retaliatory actions.

9. All of the foregoing information is both material and discoverable, but unavailable to Plaintiff because the discovery period was cut short when Defendant filed its Motion for Summary Judgment. Accordingly, Defendant's Motion for Summary Judgment should be denied and Plaintiff should be allowed to have the opportunity to continue to engage in discovery.

In accordance with the provisions of 28 U.S.C. §1746, I solemnly declare or affirm, under penalty of perjury, that the facts contained in the foregoing Affidavit consisting of nine (9) paragraphs are true to the best of my knowledge, information and belief.

Executed on this 22nd day of February, 2008.

Signature of Affiant  _____
Camilla C. McKinney