UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELAINE WALLS,

    Plaintiff,

    v.

MARY E. PETERS, Secretary,
U.S. Department of Transportation,

    Defendant.

Civil Action No. 06-1259
TFH/DAR

**MEMORANDUM ORDER**

Plaintiff, in this action, alleges sex discrimination, race discrimination and retaliation

pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e, *et seq*.  A

four-month period of discovery commenced on January 23, 2007, and was extended by the court,

on the parties' joint motion, through October 22, 2007.  *See* May 7, 2007 Minute Order;

December 4, 2006 Scheduling Order (Document No. 8) at 1.

On October 3, 2007, Plaintiff moved to enlarge the discovery period by 180 days "in

order to continue with the discovery process which is still incomplete."  Plaintiff's Motion to

Enlarge the Discovery Period (Document No. 13) at 1.  Plaintiff represented that "the additional

time [would] allow undersigned counsel to complete written discovery, throughly review the

Defendant's response to the Plaintiff's discovery, conduct depositions and gather expert witness

testimony[]" (*id.* at 2); however, Plaintiff made no effort to address the circumstances which

occasioned her inability to complete discovery during the period of nearly nine months that the

court had already provided.[1]

---

[1] At no time during the discovery period did Plaintiff move to compel discovery, or otherwise suggest that
Defendant had failed to comply with Defendant's discovery obligations.

Walls v. Peters                                                                                    2

On October 14, 2007, Defendant opposed Plaintiff's motion for a 180-day enlargement of

the discovery period, and moved to stay further discovery pending determination of Defendant's

Motion for Summary Judgment.  *See* Defendant's Motion for Stay of Discovery and Response to

Plaintiff's Motion to Enlarge the Discovery Period (Document No. 15).  On the same day,

Defendant filed Defendant's Motion for Summary Judgment (Document No. 14).[2]

Plaintiff filed an opposition to Defendant's Motion for Summary Judgment.  *See*

Memorandum of Points and Authorities in Support of Plaintiffs Opposition to Defendant's

Motion for Summary Judgment ("Plaintiff's Opposition") (Document No. 27).  In her opposition,

Plaintiff, through her counsel, made repeated references to her interest in further discovery.  *See,*

*e.g., id.* at 6 ("Plaintiff . . . need[s] additional time to gather the necessary information to respond

adequately to Defendant's motion."), 16 (the court "should permit [Plaintiff] to develop facts

supportive of her claims of pretext through the appropriate vehicle of discovery."), 17 (Plaintiff's

complaint "should not be dismissed without allowing her to seek a more developed record."), 24

("Plaintiff believes that she can identify, through further expert discovery, that [the policies of the

organizational unit in which Plaintiff sought a promotion] do not meet the standards mandated by

the [Office of Personnel Management].");  *see also id.* at 17-18, 25, 52.  Plaintiff, in her

opposition, cited Rule 56(f) of the Federal Rules of Civil Procedure, and filed, as an exhibit to

the opposition, counsel's "Rule 56(f) Affidavit in Support of Plaintiff's Opposition to

Defendant's Motion to Stay or, in the Alternative, to Dismiss or for Summary Judgment" (*id.*  at

16, Exhibit 28); however, Plaintiff did not, at that time, file a motion pursuant to Rule 56(f).

---

[2]  By a November 9, 2007 Minute Order, the court denied Plaintiff's Motion to Enlarge the Discovery
Period, and denied Defendant's Motion for Stay of Discovery as moot.

Walls v. Peters                                                                                  3

The undersigned determined that Plaintiff's counsel's request for a "continu[ance] [of]
discovery so that Ms. Walls can obtain additional evidence and facts to support her claims" (*see*
Plaintiff's Opposition at 14) was one which could be made only by a motion pursuant to Rule
56(f) of the Federal Rules of Civil Procedure.  The undersigned granted Plaintiff leave until
October 28, 2008 to file such motion.  On October 29, 2008, Plaintiff filed Plaintiff's Motion for
a Continuance to Conduct Discovery ("Plaintiff's Rule 56(f) Motion") (Document No. 34).

Upon consideration of Plaintiff's motion, Defendant's opposition thereto (Document No.
36), Plaintiff's reply (Document No. 41) and the entire record herein, Plaintiff's motion will be
denied.

Rule 56(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that

> if a party opposing [a motion for summary judgment] shows
> *by affidavit* that, for specified reasons, *it cannot present*
> *facts essential to justify its opposition,* the court may . . . (2)
> order a continuance to enable affidavits to be obtained,
> depositions to be taken, or other discovery to be undertaken[.]

Fed.R.Civ.P. 56(f) (emphasis supplied).

With respect to the affidavit required by Rule 56(f), this court has held that

> the explanation in the affidavit must be made on personal
> knowledge and set forth facts as would be admissible in
> evidence and show that the affiant is competent to testify
> to the matters stated in the affidavit.   The party that is
> seeking discovery has the burden of identifying the facts to
> be discovered that would create a triable issue and why
> the party cannot produce those facts in opposition to the
> motion.  In addition, the party has to demonstrate a reasonable
> basis for why he believes that discovery might reveal
> triable issues of fact.

*Bangoura v. U.S. Dep't. of the Army,* No. CIV.A.05-0311, 2006 WL 3734164, at *3 (D.D.C.

Walls v. Peters                                                                                      4

December 8, 2006) (citations and internal quotations omitted); *see also Reshard v. Peters,* 579 F.

Supp. 2d 57, 68 n.11 (D.D.C. 2008) (trial court's denial of Plaintiff's Rule 56(f) motion proper

where Plaintiff, in Plaintiff's affidavit, "failed to identify any 'probable facts not available' and to

'state with specificity how additional discovery would rebut summary judgment motion.'")

(citing *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)).

         The undersigned finds that Plaintiff has made no effort to satisfy the Rule 56(f) standard,

and indeed, does not even acknowledge it in the memorandum in support of her motion.  The

rule plainly requires that the party moving for a continuance demonstrate, "for specified reasons,"

that the party "cannot present facts essential to justify [the movant's] opposition" to the opposing

party's motion for summary judgment.  However, Plaintiff does not do so, and instead, offers

conjecture regarding additional facts which might be disclosed if further discovery were

permitted.  *See, e.g.,* Plaintiff's Rule 56(f) Motion at 3 ("Plaintiff disputes that comparators are a

necessary and mandatory requirement to make a prima facie case[,] but submits that "information

about comparators would nonetheless assist Plaintiff in overcoming summary judgment."); *id.* at

4 (a showing that Plaintiff, a female, was held to a higher standard than male employees who

were promoted "would require securing the services of an expert witness[.]"); *id.* at 5 ("Plaintiff

requested discovery on [issues regarding disparate treatment of females and minorities] but needs

a continuance of discovery to further expand upon the information provided.").  Plaintiff

asserts–without explanation–that "Plaintiff was not able to take any depositions during the

litigation." *Id.* at 6.

         Moreover, Rule 56(f) requires that the requisite showing be made "by affidavit[.]"

Fed.R.Civ.P. 56(f).  However, the affidavit filed by Plaintiff (Plaintiff's Opposition, Exhibit 28)

Walls v. Peters                                                                                          5

does not satisfy any of the Rule 56(f) criteria.  Rather, the affidavit is simply the argument of

Plaintiff's counsel, and consists entirely of the conclusions of Plaintiff's counsel regarding the

further discovery which would be desirable.  However, this court has held that a party who files a

Rule 56(f) affidavit which–like the one offered here–"contains only conclusory and boilerplate

statements that do not indicate what discovery would yield[]" fails to meet the Rule 56(f) burden.

*See Price v. Greenspan*, 374 F. Supp. 2d 177, 183 (D.D.C. 2005).

Finally, the affidavit includes assertions which are belied by the record of this action.

*See, e.g.,* Rule 56(f) Affidavit, ¶2 ("Plaintiff . . . has not had the benefit of completing the

discovery process, including the possibility [of] filing a motion to compel.").  However, the court

afforded the parties a discovery period of over nine months, and at no time during that period did

Plaintiff move to compel discovery.[3]  Plaintiff's unexplained failure to take the discovery she

now submits that she needs, during the discovery period for which the court provided, is not a

basis for an extension of discovery pursuant to Rule 56(f).  *See Cotton v. Washington Metro.*

*Area Transit Auth.*, No. CIV.A.01-0801, 2004 WL 473658, at *10 (D.D.C. March 03, 2004).

For all of the foregoing reasons, it is, this 23rd day of January, 2009,

**ORDERED** that Plaintiff's Motion for a Continuance to Conduct Discovery (Document

No. 34) is **DENIED.**


_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge

---

[3] *See* n.1, *supra,* and accompanying text.