UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELAINE WALLS,

    Plaintiff,

    v.

RAY LaHOOD, Secretary,
U.S. Department of Transportation,

    Defendant.

Civil Action No. 06-1259
TFH/DAR

## REPORT AND RECOMMENDATION[1]

    Defendant's Motion for Summary Judgment (Document No. 14) is pending for

consideration by the undersigned.  Upon consideration of the motion; the Memorandum of Points

and Authorities in Support of Plaintiff's Opposition to Defendant's Motion for Summary

Judgment ("Plaintiff's Opposition") (Document No. 27); the Reply Memorandum of Law in

Support of Defendant's Motion for Summary Judgment ("Defendant's Reply") (Document No.

30) and the entire record herein, the undersigned recommends that Defendant's motion be

granted.

## BACKGROUND

    Plaintiff is an employee of Defendant United States Department of Transportation who

holds a GS-14 Attorney-Advisor position in the Office of the Chief Counsel's Regulatory

Division of the Federal Motor Carrier Safety Administration (hereinafter "FMCSA").  In the

complaint by which Plaintiff commenced this action, she alleges that Defendant discriminated

---

[1]  The Court has substituted the Secretary as Defendant in place of his predecessor, Norman A. Mineta, who had been a party to this suit in his official capacity only.  *See* Fed.R.Civ.P. 25(d)(1).

against her because of her gender and her race (African-American), and retaliated against her for

engaging in protected activities, all in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e *et seq.,* as amended by the Civil Rights Act of 1991 (hereinafter "Title VII").

Complaint (Document No. 1), ¶ 1.  More specifically, Plaintiff alleges that Defendant (1)

discriminated against her on the basis of her gender "by denying her promotions, training, and

other employment opportunities and subjecting her to other adverse and disparate treatment[]"

(*id.,* ¶ 45) (hereinafter "Count I"); (2) discriminated against her on the basis of her race "by

denying her promotions, training and other employment opportunities and subjecting her to other

such adverse and disparate treatment[]" (*id.,* ¶ 47) (hereinafter "Count II"); and retaliated against

her for her opposition to Defendant's unlawful employment practices and her participation in

protected activity and the EEO process[,] [and] [a]s a result[,] . . . has been denied promotions,

training, other employment opportunities and subjected to other such adverse and disparate

treatment[] (*id.,* ¶ 49) (hereinafter "Count III").  Common to each count are Plaintiff's allegations

that Defendant denied her a "career ladder promotion to the GS-15 level" (*id.,* ¶¶ 12, 16-17, 23-

24, 26, 28, 39); that FMCSA engaged in disparate treatment of the female attorneys with respect

to "telecommuting[,]" leave policies, participation in training and special programs, the award of

bonuses, and the grades at which male attorneys are hired (*id.,* ¶¶ 18-22, 34-35); that her

supervisor "refused to give [her] an 'outstanding' rating for her 2003 Performance Evaluation"

(*id.,* ¶¶ 32-33, ); that Defendant selected a less qualified Caucasian male for the GS-15 Assistant

Chief Counsel position for which she applied (*id.,* ¶¶ 36-38), and retaliated against her by

"[taking] actions against her that have affected the terms, conditions and privileges of her

employment[]" and "by perpetuating its refusal to promote her and by making false assertions

about her performance to justify the promotion denial[]" (*id.,* ¶ 40).

With respect to the issue of exhaustion of administrative remedies, Plaintiff alleges that (1) on or about February 12, 2004, she contacted an EEO counselor "regarding FMCSA's denial of her career ladder promotion and other discriminatory treatment[]" (Complaint, ¶ 30);[2] further, (2) "[s]eeking to redress [the alleged acts of discrimination] and to protect her rights under the law, [she] "filed administrative complaints[]" (*id.,* ¶ 40).  Finally, Plaintiff alleges that the "adverse actions" she alleges in her Complaint, "and other adverse actions[,]" "constitute a continuing violation of her rights under Title VII of the Civil Rights Act of 1964."  *Id.,* ¶ 41.

Defendant, in his motion for summary judgment, maintains that (1) Plaintiff failed to exhaust her administrative remedies with respect to her claims of (a) retaliatory non-selection for the GS-15 Assistant Chief Counsel position, (b) retaliatory cancellation of training, © absence of awards and bonuses in FY 2002, allegedly on account of discrimination based on her race and gender, and (d) discrimination with regard to leave and "telecommuting" policies; (2) Plaintiff can offer no evidence to support her claims of discriminatory denial of a career-ladder promotion to GS-15 and retaliatory rating of "meets or exceeds" rather than "outstanding" for FY 2003; (3) Plaintiff can offer no evidence of pretext with respect to Defendant's decisions not to nominate Plaintiff for a special program, denial of funding for a course and cancelling another, and (4) Plaintiff's claim of retaliatory designation of an agency representative to mediate her administrative complaint is not actionable.  Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Defendant's Memorandum") at 2-3.  More

---

[2]  Plaintiff alleges that "[o]n or about March 10, 2004, [she] submitted a Request for Mediation to the EEO investigator who in turn promptly notified [two of her supervisors, one of whom refused to participate in mediation]."  *Id.*, ¶ 31.

broadly, Defendant submits that Plaintiff's "evidentiary and legal support for each [of her claims]

is fatally lacking[,]" and that "she cannot state a prima facie case and/or refute the Agency's

legitimate, non-discriminatory reasons for its actions."  *Id.* at 3.

Plaintiff, in the introductory paragraphs of her opposition to Defendant's motion, states

that "Defendant grossly misstates Plaintiff's claims and asserts that Plaintiff is seeking damages

for issues which, while central to her case, constitute only background information on the

pervasive discriminatory environment in the Chief Counsel's Office."  Memorandum of Points

and Authorities in Support of Plaintiff's Opposition to Defendant's Motion for Summary

Judgment ("Plaintiff's Opposition") (Document No. 27) at 2; *see also id.* at 3, n.1 ("The other

adverse personnel actions which comprise Ms. Walls' EEO complaints, and which are not part of

her claim for damages, are nonetheless relevant and provide crucial context to [Plaintiff's]

case.").  Plaintiff  states:

> To be clear, [Plaintiff's] claims in this action relate to the
> discriminatory denial of a career ladder, non-competitive
> promotion to the GS-15 level for her Attorney Advisor
> position in the Chief Counsel's Office for FMCSA
> because of her race and sex.

*Id.* at 2.  Plaintiff adds that "[i]n addition to failing to provide [her] with a career ladder
promotion,"

> Defendant also denied her a competitive promotion to the
> Assistant Chief Counsel position in the Office of the Chief
> Counsel, GS-15, in retaliation for her participation in protected
> activities.

*Id.* at 3.  Plaintiff submits that her "initial contact" with an EEO counselor regarding her non-

selection for a career ladder promotion to a GS-15 position occurred on February 12, 2004, and

that she filed her "formal EEO Complaint" on April 2, 2004.  Plaintiff's Opposition at 4.

Plaintiff further submits that on September 14, 2004, after she learned of the selection of another

candidate for the competitive promotion to the GS-15 Assistant Chief Counsel position, she

amended her EEO complaint to add her claim of retaliatory non-selection for promotion to that

position.  *Id.* at 5.

      With respect to the merits of Defendant's motion for summary judgment, Plaintiff

submits that she can establish a *prima facie* case of race and sex discrimination for Defendant's

failure "to give her the career ladder promotion that she earned and deserved[,]" and that she can

rebut the reasons offered by Defendant for Defendant's denial of the career ladder promotion.

Plaintiff's Opposition at 20-33.  In like manner, Plaintiff submits that she can establish a *prima*

*facie* case of retaliatory non-selection for the GS-15 Assistant Chief Counsel position, and that

she can rebut the reasons offered by Defendant for Defendant's selection of another candidate.

*Id.* at 33-52.[3]

      Defendant, in his reply, submits that "Plaintiff's failure to attain a GS-15 position on

either a competitive or non-competitive basis is not rooted in discrimination or retaliation, but

rather in a fair, unbiased assessment of Plaintiff's strengths and weaknesses under the FMCSA's

high standards for promotion to GS-15."  Reply Memorandum of Law in Support of Defendant's

Motion for Summary Judgment ("Defendant's Reply") (Document No. 30) at 2.[4]  Defendant

---

[3] Plaintiff requested an opportunity to take additional discovery "to respond adequately" to Defendant's motion, and "to develop facts supportive of her claims of pretext[.]" *Id.* at 6, 16; *see also id.* at 17-18, 24-15, 52. However, the undersigned determined that Plaintiff failed to comply with the applicable requirements of Rule 56(f) of the Federal Rules of Civil Procedure and accordingly, denied the request.  *Walls v. Peters*, 225 F.R.D. 54, 56 (D.D.C. 2009).

[4] Additionally, with respect to Plaintiff's claim of retaliatory non-selection for the competitive promotion to the GS-15 Assistant Chief Counsel position, Defendant maintains that "Plaintiff's amended claim is not . . . 'like or related' to her claims" regarding denial of a career ladder promotion to a GS-15 position, and that since Plaintiff

further submits that Plaintiff's claims that she was qualified for promotion to a GS-15 position

"is simply her own assessment of her performance and is belied by the record evidence." *Id.* at

2-3.

## STANDARDS GOVERNING CONSIDERATION OF MOTIONS FOR SUMMARY JUDGMENT

Summary judgment shall be granted if there is no genuine issue as to any material fact

and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood* 43 F. 3d 1538, 1540 (D.C. Cir.

1995). The burden is upon the non-moving party to demonstrate that there are material facts in

dispute.  *Celotex*, 477 U.S. at 324.  There is a genuine issue of material fact "if the evidence is

such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Material facts are in dispute if they are capable of

affecting the outcome of the suit under governing law.  *Id.*  In considering a motion for summary

judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in

the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn

in [her] favor."  *Anderson,* 477 U.S. at 248; *see also Bayer v. United States Dept. of Treasury*,

956 F. 2d 330, 333 (D.C. Cir. 1992).  This circuit has held that because proof of discrimination

may be difficult for a plaintiff to establish, "the court should view summary judgment motion in

---

"did not make a new or separate EEO contact regarding the hiring of [another applicant][,]" she did not exhaust her administrative remedies with respect to that claim.  *Id.* at 12-13.

such cases with special caution." *Na'im v. Rice,* 577 F. Supp. 2d 361, 373 (D.D.C. 2008) (citing

*Aka v. Washington Hosp. Ctr.*, 116 F. 3d 876, 879 (D.C. Cir. 1997), *rev'd in part on other*

*grounds,* 156 F.3d 1284 (D.C. Cir. 1998) (*en banc*); *see also Johnson v. Digital Equip. Corp.*,

836 F. Supp. 14, 18 (D.D.C. 1993).  Nevertheless, the nonmoving party "must do more than

simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 474

U.S. at 586.  Rather, she must come forward with "specific facts showing that there is a genuine

issue for trial." *Id.* at 587; Fed.R.Civ.P.56(e).

     Moreover, Rule 56(e)(2) of the Federal Rules of Civil Procedure provides, in relevant

part:

> When a motion for summary judgment is properly made and
> supported, an opposing party may not rely merely on allegations or
> denials in its own pleading; rather, its response must–by affidavits
> or as otherwise provided in this rule–set out specific facts showing
> a genuine issue for trial.  If the opposing party does not so respond,
> summary judgment should, if appropriate, be entered against that
> party.

Fed.R.Civ.P. 56(e)(2).  The nonmoving party must therefore

> go beyond the pleadings and by her own affidavits, or by the
> "depositions,   answers to interrogatories, and admissions on
> file," **designate "specific facts showing that there is a genuine
> issue for trial."** . . . Rule 56(e) permits a proper summary judgment
> motion to be opposed by any of the kinds of  evidentiary materials
> listed in Rule 56(c), except the mere pleadings themselves, and
> it is from this list that one would normally expect the nonmoving
> party to make the showing[.]

*Celotex,* 477 U.S. at 324 (emphasis added).

     In addition, Local Civil Rule 7(h) provides:

> Each motion for summary judgment shall be accompanied

> by a statement of material facts as to which the moving party
> contends there is no genuine issue, which shall include references
> to the parts of the record relied on to support the statement.  **An
> opposition to such a motion shall be accompanied by a separate
> concise statement of genuine issues setting forth all material facts as
> to which it is contended there exists a genuine issue necessary to be
> litigated**, which shall include references to the parts of the record
> relied on to support the statement. . . . **In determining a motion for
> summary judgment, the court may assume that facts identified by
> the moving party in its statement of material facts are admitted,
> unless such a fact is controverted in the statement of genuine
> issues filed in opposition to the motion.**

LCvR 7(h) (emphasis added); *see also* LCvR 56.1.  The District of Columbia Circuit has held

that "[i]f the party opposing the motion fails to comply with this local rule, then'the district court

is under no obligation to sift through the record' and should'[i]nstead . . . deem as admitted the

moving party's facts that are uncontroverted by the nonmoving party's Rule [LCvR 7(h)]

statement.'" *Securities and Exch. Comm'n v. Banner Fund Int'l*, 211 F. 3d 602, 616 (D.C. Cir.

2000) (citation omitted).  The District of Columbia Circuit "[has] explained . . . that the 'the

procedure contemplated by the [local] rule . . . isolates the facts that the parties assert are

material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the

record." *Burke v. Gould*, 286 F.3d 513, 517 (D.D.C. 2002) (quoting *Gardels v. Cent.

Intelligence Agency*, 637 F. 2d 770, 773 (D.C. Cir. 1980)).  This circuit has affirmed the grant of

summary judgment where the nonmoving party failed to cite any evidence in the record, and in

the statement of genuine factual issues, "did not set forth specific, material facts, but simply

asserted, without citing evidence in the record, that there was a disputed issue[.]" *Burke*, 286 F.

3d at 518 (quoting *Tarpley v. Greene*, 684 F. 2d 1, 7 (D.C. Cir. 1982)).

    The District of Columbia Circuit recently observed that in cases brought pursuant to Title

VII, district courts historically have included in their consideration of an employer's motion for

summary judgment, or for judgment as a matter of law, the issue of whether or not the employee

made out a prima facie case.  *See Brady v. Office of Sergeant at Arms,* 520 F.3d 490, 493 (D.C.

Cir. 2008).  The Circuit concluded that by reason of the Supreme Court's decisions in the years

which have intervened since that court first articulated the familiar burden-shifting paradigm,[5]

"judicial inquiry into the prima facie case is usually misplaced."  *Id.*  The Circuit characterized

"the prima facie case" as "a largely unnecessary sideshow[,]" and stated:

> In a Title VII disparate-treatment suit where an employee has
> suffered an adverse employment action and an employer has
> asserted a legitimate, non-discriminatory reason for the
> decision, the district court need not–*and should not*–decide
> whether the plaintiff actually made out a prima facie case
> under *McDonnell Douglas*.  Rather, in considering an
> employer's motion for summary judgment or judgment as
> a matter of law in those circumstances, the district court
> must resolve one central question: **Has the employee
> produced sufficient evidence for a reasonable jury to find
> that the employer intentionally discriminated against the
> employee on the basis of race, color, religion, sex, or
> national origin?**

*Id.* at 494(emphasis supplied) (footnote omitted) (citing *St. Mary's Honor Ctr. v. Hicks,* 509 U.S.

502, 507-08 (1993); *U.S. Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 714-16 (1983)).[6]

---

[5]  *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).

[6]  The Circuit confined its discussion to the consideration of claims of discrimination under Title VII, and did not address claims of retaliation; however, because the district courts have applied the *McDonnell Douglas* framework to claims of retaliation (*see, e.g., Na'im,* 577 F. Supp. 2d at 378), the undersigned assumes that the Circuit would direct the district courts to resolve the same "central question[.]"  *See also Farris v. Clinton*, No. CIV.A.05-1975, 2009 WL 635621, at *11 (D.D.C. March 12, 2009) (applying *Brady* to discussion of retaliation claim).

Walls v. LaHood                                                                                              10

# DISCUSSION[7]

### *Non-selection for Career Ladder Promotion*

Defendant, in Defendant's Statement of Material Facts Not in Genuine Issue, enumerates

the criteria which govern promotions of Department of Transportation attorneys to the GS-15

level.  The criteria include a January 13, 2005 Memorandum on Attorney Promotion Policy and

the standards applied in the Office of Chief Counsel.  The application of the governing criteria

and standards required that in order for an attorney to be promoted to a GS-15 position, such

attorney must be either a supervisor or a recognized expert in a specialized field.  *See*

Defendant's Statement of Material Facts Not in Genuine Dispute ("Defendant's 7(h) Statement")

(Document No. 14-2), ¶¶ 15-25.  Defendant submits that "the standards are applied equally and

fairly to all attorneys in the office."  *Id.,* ¶ 16.  Relying on Defendant's answers to Plaintiff's

interrogatories, as well as the affidavits and deposition testimony of Plaintiff's supervisors,

Defendant maintains that management believed that Plaintiff's initiative, leadership and breadth

of knowledge "did not rise to the level expected of an attorney performing at the GS-15 level[]"

(*id.,* ¶ 19; *see also id.,* ¶¶ 18, 20-21); additionally, the judgment of Plaintiff's first-level

supervisor was that "Plaintiff's communication skills and lapses in diplomacy limited her ability

to perform at a GS-15 level[]" (*id.,* ¶ 19).  According to the testimony of one of Defendant's

managers, no employee in the FMCSA Chief Counsel's Office has ever received a career-ladder

promotion to a non-supervisory GS-15 position, and the non-supervisory GS-15 attorneys in that

---

[7]  The breadth of the allegations of Plaintiff's Complaint notwithstanding, the undersigned confines this discussion to the two claims which Plaintiff articulates in her opposition to Defendant's Motion for Summary Judgment: (1) discriminatory denial of a career ladder, non-competitive promotion to a GS-15 position, and (2) retaliatory non-selection for promotion to a GS-15 Assistant Chief Counsel position.  Plaintiff's Opposition at 2-3. For purposes of this discussion, the undersigned assumes, without deciding, that Plaintiff exhausted her administrative remedies with respect to these claims.  *See* Complaint,  ¶¶  30, 40-41.

office had been promoted prior to their arrival in FMCSA.[8]

Plaintiff, in her Statement of Material Facts in Genuine Issue, does not controvert the facts identified by Defendant regarding Defendant's criteria and policies governing promotion of attorneys to the GS-15 level.  *See* Plaintiff's Statement of Material Facts in Genuine Issue ("Plaintiff's 7(h) Statement"), ¶¶ 8-16.[9]

 Instead, Plaintiff, relying principally upon the affidavit she prepared for consideration by the EEO investigator assigned to her administrative complaint of discrimination and her deposition testimony in this action, submits that she "was well qualified and deserved a career-ladder promotion to the GS-15 level."  *Id.,* ¶ 1.  However, it is settled that "Plaintiff's own subjective assessment of [her] credentials and performance at the time that the promotion was denied are not sufficient to establish pretext."  *Maye v. Gonzales*, No. CIV.A.00-0271, 2005 WL 3544292, at *8 (D.D.C. Dec. 27, 2005) (citations omitted). [10]

Plaintiff also submits that a supervisor in the organizational unit to which she was assigned before she joined FMCSA "told Plaintiff that he would promote her to a GS-15[,]" and

---

[8]  Each statement includes citations to the portions of the record–including the 25exhibits which Defendant filed with the motion–on which Defendant relies to support the statement.  *See* LCvR 7(h).  The undersigned has excluded from consideration the additional exhibit which Defendant filed, for the first time, with his reply.

[9]  Where, as here, a plaintiff "fail[s] to controvert [the] defendant's statement of material facts, defendant's legitimate, non-discriminatory and non-retaliatory reason is deemed admitted."  *Thompson v. District of Columbia*, 573 F. Supp. 2d 64, 68 (D.D.C. 2008) (citation omitted).

[10]  Indeed, Plaintiff, in her Statement of Material Facts in Genuine Dispute, does not suggest that attorneys not of her protected classes received career ladder promotions from GS-14 to GS-15 during any period relevant to her Complaint.  The only reference Plaintiff makes in the statement to "a similarly situated Caucasian male attorney in FMCSA" is that one such person was selected to participate in a special program in or about 2002, but that her request to participate in the program in 2004 was denied.  Plaintiff's 7(h) Statement, ¶¶ 12-13.  In her opposition to Defendant's motion, Plaintiff states that she "believes that numerous Caucasian male attorneys were promoted non-competitively to the GS-15 level[,]" and that "discovery on this issue would further demonstrate that FMCSA applied standards that were not only inconsistent with OPM regulations, but also differed from [those] of other, similar agencies [within] DOT."  Plaintiff's Opposition at 25.  However, Plaintiff offered no such evidence, and did not demonstrate that further discovery was warranted.  *See* n.3, *supra*.

that she "accepted the transfer to the FMCSA because [a FMCSA supervisor] told her that FMCSA would honor [the] promise to promote her to the GS-15 level."  Plaintiff's 7(h) Statement, ¶¶ 9-10.  However, Plaintiff offers only her own deposition testimony of such promise (*id.*), and proffers neither the date such promotion was to become effective, nor the conditions precedent to its award.  In any event, even a "commitment" (*id.* at ¶ 1) to promote an employee, made by a supervisor in an organizational unit from which the employee transferred, would not constitute evidence of pretext with respect to the reasons offered for non-promotion by different supervisors in another organizational unit.  *See Maye*, 2005 WL 3544292, at *8 ("Nor does it suffice [as evidence of pretext] that a single supervisor thought that plaintiff deserved a promotion[.]") (citation omitted).

Plaintiff concedes that Defendant's managers advised her of their evaluations that she was "not quite there[]" with respect to the criteria and policies governing promotion of attorneys to GS-15 positions.  Plaintiff's 7(h) Statement, ¶ 15.  Plaintiff offers as evidence the appraisal, awards and bonuses which she received in 2004.  *Id.,* ¶ 16.  However, the undersigned finds that the 2004 appraisal, awards and bonuses which Plaintiff received in 2004 do not serve to rebut the evidence that Plaintiff did not meet the full extent of Defendant's requirements for a career ladder promotion to the GS-15 position.

For these reasons, the undersigned finds that Plaintiff has failed to "produce[] sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against [her] on the basis of race . . . [or] sex[.]" *Brady,* 520 F.3d at 494 (citations omitted).  Plaintiff has offered no evidence that she was "promise[d]" a promotion; nor has she offered evidence from which a trier

of fact could reasonably conclude that the reasons Defendant has offered for the decision not to

extend a career ladder promotion to the GS-15 level were not the actual reasons, and are, instead,

a pretext for discrimination.  "A plaintiff cannot survive a motion for summary judgment simply

by making a conclusory, unsubstantiated claim in hopes that [she] can [create] a genuine issue of

material fact where none exists." *Miller v. Rosenker*, 578 F. Supp. 2d 107, 113 (D.D.C. 2008)

(citation omitted); *see also Abdelkarim v. Thompson*, No. CIV.A.05-1783, 2009 WL 726023, at

*3 ("[A] mere unsubstantiated allegation . . . creates no genuine issue of fact and will not

withstand summary judgment.") (citation and internal quotations omitted).  Accordingly, the

undersigned recommends that Defendant's Motion for Summary Judgment be granted with

respect to Plaintiff's claim that she was denied a career ladder promotion to GS-15 position on

account of discrimination based on her race and gender.

### *Non-Selection for Competitive Promotion to GS-15 Assistant Chief Counsel*

Defendant relies on the testimony of Plaintiff's supervisors, as well as Plaintiff's own

testimony, as evidence that "the Plaintiff was not the most qualified applicant for the supervisory

position of Assistant Chief Counsel for Enforcement and Litigation."  Defendant's 7(h) Statement,

¶ 41; *see also id*., ¶¶ 40, 42-44.  According to the testimony of one of Defendant's managers, the

characteristics of "an ideal candidate" included "aptitude for leadership, ability to interact

effectively with Agency leaders, litigation skills, and experience in enforcement policy."  *Id.,* ¶ 39.

Defendant's managers concluded that Plaintiff had not demonstrated the requisite leadership and

communications skills.  *Id.,* ¶¶ 40, 41, 43.  Defendant also relies on Plaintiff's testimony that her

litigation experience was limited to a six-month detail as a Special Assistant United States

Attorney, and that her management and supervisory experience was limited to "[f]rom time to time when my supervisors are unavailable in the office, I act as the acting chief counsel in whichever division I've been employed." *Id.,* ¶¶ 40, 42.  The candidates who were selected had the requisite leadership, communication, enforcement and litigation skills.  *Id.,* ¶¶ 45-46.

Again, Plaintiff fails to controvert the facts identified by Defendant, and relies upon her own assessment of her skills and abilities.  Plaintiff's 7(h) Statement, ¶¶ 21.[11]  Plaintiff offers no evidence from which a reasonable trier of fact could find that reasons offered for the selection of other applicants were not the actual reasons, and were, instead, pretextual.  Plaintiff does not even dispute Defendant's summary of her management, supervisory and litigation skills, and concedes that her expertise is in the area of regulatory law, not litigation.  *See id.,* ¶¶ 21, 26.[12]  Having failed to "produce[] sufficient evidence for a reasonable jury to find that the employer's asserted [non-retaliatory] reason was not the actual reason and that the employer intentionally [retaliated] against the employee [for having engaged in protected activity][,]" the undersigned recommends that Defendant's motion be granted with respect to Plaintiff's claim of retaliatory non-selection for promotion to the GS-15 Assistant Chief Counsel position.  *See Brady,* 520 F.3d at 494; *see also Miller*, 578 F.Supp. 2d at 113 ("when a conclusory assertion is unaccompanied by any supporting facts, a court may grant summary judgment.") (citation and internal quotation omitted).

---

[11] *See* n.9, *supra*.

[12]  A plaintiff may attempt to raise an inference of discrimination "by demonstrating that [she] was treated differently from similarly situated employees who are not part of the protected class[.]" *Smith v. Jackson*, 539 F. Supp. 2d 116, 135 (D.D.C. 2008) (citation and internal quotation omitted).  The undersigned finds that to the extent which Plaintiff seeks to do so here, she fails in her effort, since she has made no attempt to "demonstrate that all of the relevant aspects of [the] employment situation[s] [of the two people to whom the position was offered] are nearly identical." *Id.* (citation omitted).

**CONCLUSION**

For the foregoing reasons, it is, this 30th day of March, 2009,

**RECOMMENDED** that Defendant's Motion for Summary Judgment (Document No.

14) be **GRANTED.**


_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge



**Within ten days of the filing of the instant report and recommendation, either party
may file written objections.  Such objections shall identify with specificity the portions of the
findings and recommendations to which objection is made, and the basis of the objection.
In the absence of timely objections, further review of issues addressed herein may be
deemed waived.**